# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY, # M-05197, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 20-cv-227-NJR |
| ) | |
| ALEX JONES, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On March 2, 2020, Petitioner Deandre Bradley, a state prisoner incarcerated at Menard Correctional Center, filed this habeas corpus action pursuant to 28 U.S.C. § 2254. His "Emergency Petition for Habeas Corpus Relief" claims that his sentence was miscalculated due to a mathematical error, and if the error is corrected, he is entitled to immediate release. (Doc. 1). Bradley's March 12, 2020, Supplement added clarification to his claim. (Doc. 7). On March 24, 2020, Bradley filed a "Motion for Court Order Issue Writ for Plaintiff's Release." (Doc. 9).

On March 27, 2020, a Response was filed, arguing that relief should be denied because Bradley has not made out a federal constitutional claim, failed to exhaust his state court remedies before bringing this action in federal court, and because the state court's factual determination that he is entitled to 479 days of credit is presumptively correct. (Doc. 12). Bradley replied on March 30, 2020. (Doc. 15).

### FACTUAL BACKGROUND

On February 27, 2017, Bradley pled guilty and was sentenced to 6 years for residential burglary in Cook County Case No. 15-CR-1588301. (Doc. 1, p. 2). The court's Order of

1

Commitment and Sentence stated, "The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 0479 days as of the date of this order." (Doc. 1-1, p. 1). Bradley's arrest date for the burglary, as stated on this order, was August 31, 2015. (Doc. 1-1, p. 1; Doc. 1, p. 3; Doc. 7, p. 7). Also on February 27, 2017, Bradley pled guilty and was sentenced to a consecutive 2 years for resisting a peace officer, in Cook County Case No. 16-CR-09549101. (Doc. 1-1, p. 2). Bradley's arrest date for the resisting offense was May 31, 2016. *Id.*

Bradley was entitled to day-for-day good time for each sentence, shortening his incarceration time from 8 years to 4. That presumptive 4 years was increased, however, by 6 months and 10 days of revoked good conduct credits as a result of disciplinary actions. According to the calculation of the Records Office Supervisor of the Illinois Department of Corrections (IDOC), Bradley's current release date is May 8, 2020. (Doc. 7, pp. 7-8; *see also* Doc. 1-1, p. 3).

Prior to the two convictions above, Bradley had been convicted of retail theft in Cook County Case No. 15-CR-2786 and sentenced to 18 months' imprisonment. (Doc. 12, pp. 2, 6; Doc. 14, p. 1; Doc. 15, pp. 1-2, 7). His arrest date for that offense was approximately January 16, 2015. Bradley completed serving the required 9 months for theft between October 16-31, 2015,[1] thus this sentence overlapped with his custody on the residential burglary offense. (Doc. 15, p. 2; Doc. 12. p. 6).

Bradley attempted to have the sentencing court correct its judgment as to the number of sentence credit days by filing a *nunc pro tunc* motion in the residential burglary case, No. 15-CR-

---

[1] The parties disagree on exactly when the theft sentence was satisfied. Respondent estimates that with day-for-day credit beginning on January 16, 2015 (the custody date according to IDOC records, Doc. 14), Bradley finished serving the theft sentence on approximately October 31, 2015. (Doc. 12, p. 6). Bradley agrees with the theft arrest date of approximately January 16, 2015 (Doc. 15, p. 1), but calculates his sentence was satisfied 9 months later on October 16, 2015. (Doc. 15, p. 7).

1588301 on May 29, 2018. The motion was dismissed due to errors made by Bradley. (Doc. 1, p. 5; Doc. 15, p. 2). He filed another *nunc pro tunc* motion in April 2019, a third motion in November 2019, and a fourth in February 2020, but no action had been taken by the state court as of the date Bradley filed his federal Habeas Petition. (Doc. 1, pp. 5-6; Doc. 15, p. 3).

## DISCUSSION

Bradley disputes the IDOC's May 8, 2020 projected release date, figuring that his sentence should have been completed as of March 8, 2020, even after the addition of his revoked good conduct credits. (Doc. 1, pp. 1, 7). Bradley reaches this conclusion by counting forward 4 years from his arrest date of August 31, 2015, and further adding the 6 months and 10 days of revoked good conduct credits to get the March 8, 2020 release date. (Doc. 1, pp. 3-4, 7). He attributes the state's error in calculating the release date to the Records Office Supervisor's mistaken belief that he was not in continuous custody between his August 2015 burglary arrest date and the May 31, 2016 arrest date for resisting a peace officer, and also claims that the state court was mistaken in giving him only 479 days. (Doc. 1, pp. 2-3; Doc. 7, pp. 1-3, 7). It does appear that Bradley is correct on the point that he has been in continuous custody since at least August 2015, noting that his May 31, 2016 "arrest" was for an offense committed while he was in custody. (Doc. 7; Doc. 15, pp. 1-2, 7). He states that he was twice released from IDOC custody (in December 2015 and June 2016) only to be sent to the Cook County Jail, thus he was never out of custody. (Doc. 15, pp. 7, 11). The continuous custody issue is somewhat of a red herring, however, and it does not resolve the matter of Bradley's sentence calculation.

Bradley insists that the intent of the prosecutor and the court in approving his guilty plea agreement was to give him credit against the 6-year burglary sentence starting from his arrest date of August 31, 2015. (Doc. 15, pp. 2, 5-7). He calculates that he had been in pre-sentencing custody

3

for a total of 546 days from August 31, 2015 to the February 27, 2017 date of his plea. (Doc. 15, pp. 2, 6). If credit dating back to August 31, 2015 was indeed the intent, it was not reflected in the sentencing court's judgment, which specifically gave Bradley 479 days, rather than the 546 days he believes he should have received. (Doc. 1, p. 4).

The IDOC reached its sentence calculation by counting backwards 479 days from the sentencing date of February 27, 2017, to get a "constructive custody date" of October 28, 2015[2] for the start-date of Bradley's aggregate 4-year sentence on the burglary and resisting convictions. (Doc. 7, p. 7; Doc. 12, p. 2). The IDOC then added 4 years to the October 28, 2015 start-date and further added the revoked 6 months and 10 days to arrive at the May 8, 2020 projected release date. (Doc. 7, pp. 7-8).

Notably, the "constructive custody date" of October 28, 2015, falls within the time frame when Bradley completed his previous theft sentence, October 16-31, 2015. While the judgment giving Bradley 479 days of credit against the residential burglary sentence is silent as to the court's reasoning in arriving at the 479-day figure, it is possible that the court intended for Bradley to begin the new burglary sentence after finishing his theft sentence. All speculation aside, however, the state court's judgment is clear that Bradley was given pre-sentencing credit of exactly 479 days. As the IDOC informed Bradley, it is bound by that judgment in calculating his projected release date.

Bradley's claim, therefore, boils down to his contention that the sentencing court made a mistake in giving him 479 days of credit, when he should have been given 546 days. Respondent is correct in pointing out that this Court must presume that the factual determination by the state

---

[2] The IDOC appears to make its sentence calculation based on 30-day months and a 360-day year regardless of the actual duration of each calendar month (Doc. 7, pp. 7-8), which may account for Respondent's observation that the IDOC appears to have credited Bradley with an additional 10 days. (Doc. 12, p. 2).

court, that Bradley was entitled to 479 days' credit, is correct. 28 U.S.C. § 2254(e)(1); (Doc. 12, pp. 5-6). This presumption of correctness can only be overcome with clear and convincing evidence, which Bradley has the burden to present. *Id.* The only "evidence" Bradley has shown is his own assertion that the sentencing court intended to give him more credit against his residential burglary sentence than is reflected in the written judgment. He has not presented a transcript or any other documentation to support his belief that the sentencing court was mistaken in awarding him only 479 days of credit. Bradley's calculations and his claim of mistake do not satisfy the "clear and convincing evidence" standard which is necessary to overcome the state court's determination of the amount of sentence credit he was due. His claim for habeas corpus relief therefore fails on the merits.

The pleadings also demonstrate that Bradley has not exhausted his claim by pursuing it through a full round of state court review. *See* 28 U.S.C. § 2254(b)(1). His attempts to exhaust the claim do appear to have been frustrated by the state court's lack of response to the more recent motions to correct the judgment *nunc pro tunc*. But the exhaustion requirement is not a meaningless exercise, particularly in a case like this which squarely challenges a factual finding by the sentencing court. The exhaustion doctrine is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court is bound to review the state court's decision on a state prisoner's claim with a high degree of deference. 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 102-03 (2011); *Bell v. Cone*, 535 U.S. 685, 693 (2002).

A failure to exhaust is a procedural bar which may be excused only if a habeas petitioner

can show cause and prejudice for failing to fairly present his or her claim to the state courts or that a fundamental miscarriage of justice will occur. *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001) (citing *Coleman*, 501 U.S. at 750); *Dupree v. Jones*, 281 F. App'x 559, 560 (7th Cir. 2008). "Cause" in this context must be "something *external* to the petitioner, something that cannot fairly be attributed to him[.]" *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (emphasis in original).

Certainly the lack of any ruling on Bradley's pending *nunc pro tunc* motions is external to him and beyond his control. But Bradley does not explain why he could not have brought a motion to correct the judgment at an earlier date, when his claim could have been resolved in a more timely fashion. The judgment was entered on February 27, 2017; Bradley states that he did not receive the mittimus "until after being incarcerated," but does not say when he got it. (Doc. 15, p. 2). He first sought relief more than a year after the judgment, in May 2018. The May 2018 motion was dismissed, and Bradley did not file another *nunc pro tunc* motion until April 2019. This track record does not demonstrate that Bradley is without fault in contributing to the delay in the state court's ruling, and falls short of establishing "cause" for the failure to exhaust. If Bradley's claim of entitlement to additional sentence credit is correct, he would be prejudiced by the extension of his incarceration until the IDOCs projected date of May 8, 2020 – but the evidence now before this Court does not support a finding that Bradley is entitled to earlier release. As such, the Court cannot conclude that Bradley will be prejudiced if he is not excused from the exhaustion requirement.

Even where a habeas petitioner has failed to exhaust the available state court remedies, the petition may be denied on the merits. 28 U.S.C. §2254(b)(2). That disposition is appropriate here, as Bradley has failed to overcome the presumption of correctness as to the state court's factual

finding that he is entitled to sentence credit in the amount of 479 days. (Doc. 1-1, p. 1). In light of this conclusion, the Court finds it unnecessary to discuss Respondent's argument that Bradley's Petition fails to clearly articulate a federal due process claim.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, no reasonable jurist would find it debatable whether this Court's rulings on exhaustion/procedural default or on the substantive issues were correct. Accordingly, the Court denies a certificate of appealability. Bradley may reapply for a certificate of appealability to the United States Court of Appeals, Seventh Circuit. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

## DISPOSITION

For the reasons set forth above, Deandre Bradley's Emergency Petition for Habeas Corpus Relief (Doc. 1) is **DENIED**. This entire action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

All pending motions are **TERMINATED AS MOOT**.

If Bradley wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Bradley plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Bradley does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: March 31, 2020**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**